[Cite as *State v. Roberson*, 2014-Ohio-2292.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ANTHONY E. ROBERSON | : | Case No. 2013CA00234 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court
of Common Pleas, Case Number
2007-CR-1989

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      May 27, 2014

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney

By: RENEE M. WATSON
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, OH 44702-1413

For Defendant-Appellant

ANTHONY E. ROBERSON, Pro se
Inmate No. A544-376
Marion Correctional Institution
P.O. Box 57
Marion, OH 43301

*Baldwin, J.*

{¶1}    Defendant-appellant Anthony Roberson appeals from the November 6, 2013 Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Vacate Order Requiring Payment of Mandatory Fine. Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On January 7, 2008, the Stark County Grand Jury indicted appellant on one count of trafficking in cocaine in violation of R.C. 2925.03(A)(1)(C)(4)(g), a felony of the first degree, one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(f), also a felony of the first degree, and one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B)(C)(5)(a)(iii), a felony of the third degree. The first degree felonies were accompanied by major drug offender specifications. At his arraignment on February 1, 2008, appellant entered a plea of not guilty to the charges.

{¶3}    On April 11, 2008, appellant withdrew his former not guilty plea and pleaded guilty to the charges and specifications in the indictment. As memorialized in a Judgment Entry filed on April 18, 2008, appellant was sentenced to an aggregate prison sentence of twelve (12) years. Appellant, who had filed an affidavit of indigency on April 11, 2008, was ordered to pay a mandatory fine in the amount of $10,000.00. Payment of the fine was deferred until six (6) months after appellant's release from prison.

{¶4}    Appellant did not timely appeal his conviction and sentence. Pursuant to a Judgment Entry filed on December 18, 2008 in *State v. Roberson*, Stark App. No. 2008CA00275, this Court denied appellant's motion for leave to file a delayed appeal

pursuant to App.R. 5(A). After this Court denied his motion for reconsideration, appellant filed an appeal with the Supreme Court of Ohio. The Ohio Supreme Court, on June 17, 2009 in Case No. 2009-0439, denied appellant's leave to appeal and dismissed his appeal as not involving any substantial constitutional question.

{¶5} Subsequently, on November 4, 2013, appellant filed a Motion to Vacate Order Requiring Payment of Mandatory Fine. Appellant, in his motion, argued that the trial court imposed such fine without considering his present and future ability to pay the fine as required by R.C. 2929.19(B)(6). As memorialized in a Judgment Entry filed on November 6, 2013, the trial court denied such motion.

{¶6} Appellant now raises the following assignment of error on appeal:

{¶7} THE TRIAL COURT ERRED BY OVERRULING DEFENDANT-APPELLANT'S MOTION TO VACATE ORDER REQUIRING PAYMENT OF MANDATORY FINE.

I

{¶8} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Vacate Order Requiring Payment of Mandatory Fine. Appellant argues that the trial court erred in not considering his ability to pay the fine as required by R.C. 2929.19(B)(6).

{¶9} We find that appellant's claim is barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising or litigating in any proceedings, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised ... on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175,

180, 226 N.E.2d 104 (1967). In this case, appellant's argument is based on the record. Therefore, this issue could have been raised on direct appeal. Consequently, the doctrine of res judicata bars appellant from raising this issue here.

{¶10} In addition, appellant did not submit the transcript of the sentencing hearing. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceeding, and affirm." *Knapp v. Edwards Labs.* 61 Ohio St.2d 197,199, 400 N.E.2d 384 (1980). Absent the transcript, we must presume the validity of the lower court's proceedings and affirm.

{¶11} Appellant's sole assignment of error is, therefore, overruled.

{¶12} Accordingly, the judgment of the Stark Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, J. concur.